NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARY MELONE, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 2:07-CV-1192 (DMC) |
| BOEING COMPANY; CONTINENTAL AIRLINES; ABC, INC. (1-10), JOHN DOE (1-10), | |
| Defendant. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion to transfer from the District of New Jersey to the United States District for the Western District of Washington pursuant to FED. R. CIV. P. 12(b)(3) by Defendant Boeing Company ("Defendant"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendant's motion to transfer is **granted**.

### I. BACKGROUND

Plaintiff is employed as a pilot for Continental Airlines. (Plaintiff's Brief in Opposition ("Pl.'s Br."), p. 4). On March 18, 2005, Plaintiff operated a "Boeing 737" that took off from Newark Liberty International Airport in Newark, New Jersey and landed at the George Bush Intercontinental Airport in Houston, Texas, on March 20, 2005. (Id.) While removing a travel bag that was stuck in its designated location in the cockpit, Plaintiff allegedly sustained injuries

to his abdomen and shoulder. (Plaintiff's Initial Disclosures, p. 2). Plaintiff subsequently received medical treatment from physicians, five (out of six) of whom are located in Maine, which is a also Plaintiff's home state. (Id.)

Plaintiff initiated the subject lawsuit against Defendants Boeing Company, ABC, Inc. (1-10), and John Doe (1-10), alleging strict liability, negligence, breach of warranty relating to the manufacture, design, assembly and distribution of the Boeing 737 and its component parts, specifically in the cockpit of the Boeing 737. (Plaintiff's Complaint, p. 3). Defendant Continental Airlines was included for discovery purposes only. (Defendant's Brief in Support of Motion for Transfer ("Def.'s 1st Br.") p. 3, fn3).

## II.   STANDARD OF REVIEW

Pursuant to FED. R. CIV. P. 12(b)(3), a defendant may raise the defense of improper venue and move to transfer its case to another district. A court may transfer an action for the convenience of the parties and witnesses and in the interest of justice to any district where the action might have been brought initially. 28 U.S.C. § 1404(a). The function of Section 1404(a) is "to prevent the waste of 'time, energy, and money' and to 'protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quoting Cont'l Grain Co. v. Barge FBL-585, 364 U.S. 19, 26-27 (1960)). The moving party bears the burden of establishing that transfer is appropriate. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 248 (1981). Analysis of whether transfer is warranted does not necessarily require an extensive investigation, but the moving party must demonstrate that the proposed alternative forum is more convenient than the present forum. Van Cauwenberghe v. Biard, 486 U.S. 517, 529 (1988); Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). Title 28

U.S.C. § 1391(a)(2) provides that venue is proper in a diversity case where "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." See also Calkins v. Dollarland, Inc., 117 F. Supp.2d 421, 425-26 (D.N.J. 2000). The "substantial part" standard is intended to preserve the element of fairness so that a defendant is not haled into a remote district court having no relationship to the dispute. See Cottman Transmissions Sys., Inc. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994).

### III.    DISCUSSION

Defendant moves to transfer to the Western District of Washington pursuant to 28 U.S.C. § 1404(a) because it will promote the convenience of the parties and witnesses and will serve the interest of justice.

The Court has broad discretion in deciding whether transfer is warranted. See Plum Tree, Inc. v. Stockment, 488 F.2d 754, 756 (3d Cir. 1973). Although 28 U.S.C. § 1404 expressly includes three factors, the Court may also consider other factors. See SEC v. Page Airways, Inc., 464 F. Supp. 461 (D.D.C. 1978). The private factors to be considered include: (1) plaintiff's forum choice; (2) defendant's forum preference; (3) whether the claim arose in another forum; (4) "the convenience of the parties as indicated by their relative physical and financial condition;" (5) "the convenience of witnesses - but only to the extent that the witnesses may actually be unavailable for trial in one of the fora;" and (6) the location of any books or records similarly limited to the extent they may be unavailable in the alternative forum. Jumara v. State Farms Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (citations omitted). The public factors to be considered include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the

two fora from court congestion; (4) the local interest in deciding controversies; (5) the public policies of the fora; and (6) in diversity cases, the familiarity of the trial judge with the applicable state law. Id. at 879-80. Although a plaintiff's choice of forum is accorded great weight, deference to the plaintiff's selected forum may be overcome, however, "if the private and public interest factors clearly point toward trial in an alternative forum." See Piper Aircraft Co., 454 U.S. at 255.

### A.     Private Interest Factors

Consideration of the following private interest factors weigh in favor of transfer of forum.

### 1.     Plaintiff's Forum Choice

A plaintiff's choice of forum "is simply a preference; it is not a right." Liggett Group Inc. v. R.J. Reynolds Tobacco Co., 103 F. Supp. 2d 518, 530 (2000). Generally, a plaintiff's choice of forum is accorded great weight, but that factor diminishes when the plaintiff chooses a forum other than his or her home forum. See Piper Aircraft Co., 454 U.S. at 255; see also In re Consol. Parlodel Lit., 22 F. Supp. 2d 320, 323 (D.N.J. 1998). Deference to the plaintiff's selected forum is also diminished "where the central facts of a lawsuit occur outside the chosen forum" or the plaintiff's choice of forum "has little connection with the operative facts of the lawsuit." Consol. Parlodel, 22 F. Supp. 2d at 324.

In this case, Plaintiff's home forum is Maine; not New Jersey. None of the central facts of this lawsuit occurred in New Jersey. Plaintiff's purported connection to New Jersey amounts to: (1) Plaintiff boarding the first leg of his flight in New Jersey; (2) the employees, including the flight crew, of Continental Airlines, who may be called as witnesses, are "based out of

4

Newark"; (3) Continental conducts its operations from three hubs, one of which is Newark Liberty International Airport in Newark, New Jersey. (Pl.'s Br., pp. 6-8). Notably, Plaintiff's alleged injury did not occur in New Jersey; Plaintiff does not name one witness who resides in New Jersey; "neither the aircraft nor the flight deck storage compartment was designed, manufactured, or delivered in New Jersey [and] neither Boeing nor Continental has a principal place of business in New Jersey nor is their respective business unique to New Jersey." (Def.'s 1st Br., p. 5). Plaintiff fails to allege any significant reason for choosing New Jersey as a forum. Thus, Plaintiff's choice of forum holds little weight.

### 2.     The Claim Did Not Arise in New Jersey

Plaintiff's cause of action surrounds his alleged injury while removing a travel bag from a compartment in the Boeing aircraft. This occurred in Texas. The conduct allegedly giving rise to Plaintiff's claim, i.e., the design and manufacture of the compartment, occurred in Washington. Therefore, Washington has the "closest connection to the alleged culpable conduct" giving rise to the injury. Cromar v. Johnson & Johnson, No. 06-1867, 2006 WL 3313955 at *4 (D.N.J. Nov. 13, 2006).

### 3.     Convenience of the Parties Weighs in Favor of Transfer

The Third Circuit noted that in considering the convenience of the parties, attention should be given to their relative physical and financial condition. See Jumara, 55 F.3d at 879; Liggett, 102 F. Supp. 2d at 533. In Liggett, the Court recognized that "from an economic standpoint it certainly makes sense to conduct a trial . . . where only one party and witnesses have to travel rather than where both parties have to travel." 102 F. Supp. 2d at 533 (ellipses in

5

original; internal quotation omitted).

In this case, none of the parties are located in New Jersey. Transferring the case to Washington would ensure that only one party, Plaintiff, would be traveling, however, if the case remains in New Jersey, Plaintiff would still have to travel. While Defendant may be better suited to bear the financial cost of traveling, Plaintiff has not alleged a significant reason for choosing New Jersey as a forum in the first instance. Accordingly, the convenience of the parties weighs in favor of transfer.

    **4.**  **Convenience of Potential Witnesses Weighs in Favor of Transfer**

Courts accord more weight to the location where "[t]he amenability of potential witnesses to compulsory process" is likely. <u>Nat'l Property Investors VIII v. Shell Oil Co.</u>, 917 F. Supp. 324, 328 (D.N.J. 1995). In this case, "Washington is home to the facilities in which the aircraft and storage compartment were designed and manufactured, as well as to the witnesses who can testify regarding the design and manufacture." (Def.'s 1st Br., p. 7). Plaintiff claims that the employees, including the flight crew, of Continental Airlines, who may be called as witnesses, are "based out of Newark." (Pl.'s Br., p. 6). Plaintiff's argument is unavailing, however, since the employees may actually reside in another state just as Plaintiff is "based out of Newark," but actually resides in Maine. (See Pl.'s Br., p. 6). It is more likely that other potential witnesses in a products liability action surrounding the design and manufacture of an aircraft would reside where that aircraft was designed and manufactured, Washington, as opposed to New Jersey. Therefore, Washington is the more convenient forum for potential witnesses.

    **5.**  **Access to Documentary Evidence Weighs in Favor of Transfer**

Plaintiff's allegation that the storage compartment in the Boeing aircraft giving rise to his injury will undoubtedly require documents and testimony regarding the designing and manufacture of the aircraft. As the aircraft was designed and manufactured in Washington, it follows that Washington would provide superior access to such evidence. See Cromar v. Johnson & Johnson, No. 06-1867, 2006 WL 3313955 at *2 (D.N.J. Nov. 13, 2006) (a products liability case in which the location where the product is marketed and distributed is deemed to provide easier access to evidence). Also located in Washington is evidence related to Defendant's affirmative defenses "(1) that Boeing complied with all applicable federal and state statutes and administrative regulations existing at the time the aircraft was manufactured and all applicable standards for design, inspection, testing, warning, and manufacture of the aircraft; (2) that the aircraft and its components were designed, manufactured, assembled, certified, sold and delivered in conformance with the then applicable state of the art and industry standards; as well as (3) Boeing's defenses regarding the viability of Plaintiff's warranty claims." (Def.'s 1st Br., p. 8). Thus, the ease of access to documentary evidence in Washington weighs in favor of transfer.

**B.     Public Interest Factors**

Consideration of the following public interest factors also weigh in favor of transfer of forum.

**1.     Washington Has a Local Interest in this Lawsuit**

Washington has a strong local interest in this lawsuit. Plaintiff claims that he was injured as a result of an unsafely designed storage compartment in a Boeing aircraft. The design and manufacture of the compartment and the aircraft, i.e., the "locus of the alleged culpable conduct,"

7

all occurred in Washington.  See Hoffer v. InfoSpace.com, Inc., 102 F. Supp. 2d 556, 576 (D.N.J. 2000); see also Workman v. Johnson & Johnson, Janssen L.P., No. 06-2523, 2007 WL 1850907, 4 (D.N.J. June 26, 2007) (finding the forum with the "closest connection to the alleged culpable conduct" to be the most appropriate in a product liability action).

In sharp contrast, New Jersey does not have a local interest in this lawsuit. Plaintiff argues that Continental Airlines' use of the Boeing aircraft and the fact that New Jersey is one of three hubs from which Continental conducts its operations establishes a local interest in New Jersey.  As stated above, however, it is clear that the alleged culpable conduct occurred in Washington.  Furthermore, "Plaintiff is not a resident of New Jersey.  None of the defendants maintain their principal place of business in New Jersey.  The aircraft was not designed or manufactured in New Jersey . . . . The alleged incident which caused Plaintiff's alleged injuries did not occur in New Jersey." (Def.'s 1st Br., p. 9).  Therefore, Washington has a strong local interest in this lawsuit as opposed to New Jersey.

### 2.     New Jersey Law Will Not Govern the Case

"An important public interest factor is the desire to have the case tried before judges familiar with the applicable law."  Hoffer, 102 F. Supp. 2d at 576 (citation omitted).  Under New Jersey choice of law rules, "the law of the state that has the most significant connections with the parties and the action applies."  Id.  If the case were to be transferred to Washington, the same New Jersey choice of law rule would apply since a transferee court applies the choice of law principles of the transferor forum.  See Ferens v. John Deere Co., 494 U.S. 516, 524-25 (1990). In this case, New Jersey has virtually no connection to the parties or the action and therefore New

8

Jersey law will not apply.  The states that have the most significant connection with the parties and the action are "Maine, as Plaintiff's home forum and state where he received medical treatment; Washington, as the state where the aircraft and storage compartment were designed, manufactured, and delivered; or Texas, where the alleged incident occurred."  (Def.'s 1st Br., p. 10).  The fact that Washington law may govern some or all issues, whereas New Jersey law will likely govern none, supports transfer of the case.

### 3.    The Burden of Jury Duty Should Not Be Imposed on New Jersey Citizens

"The burden of jury duty ought not to be imposed upon the people of a community which have no relation to the litigation."  Liggett, 102 F. Supp. 2d 536 (internal quotation and citation omitted).  Jurors in New Jersey "should not be burdened with adjudicating a matter concerning decisions and [,] or[,] conduct which occurred predominately outside the State of New Jersey." Id. (internal quotation and citation omitted). As discussed previously, the conduct that allegedly caused the injury all occurred in Washington. Thus, this factor also weighs in favor of transfer to Washington.

In sum, Plaintiff fails to allege any significant reason for choosing New Jersey as a forum. Defendant, as moving party, has met its burden of showing that the transfer is proper and that Washington is a more convenient forum.  As discussed above, consideration of the private and public factors also favor a transfer to Washington.

## IV.    CONCLUSION

For the reasons stated, it is the finding of this Court that the Defendant's motion to transfer

is **granted**.  An appropriate Order accompanies this Opinion.

                          /s/ Dennis M. Cavanaugh

                          Dennis M. Cavanaugh, U.S.D.J.

Date:     March 28, 2008
Orig.:    Clerk
cc:       Counsel of Record
          The Honorable Mark Falk, U.S.M.J.
          File